United States District Court
Southern District of Texas
**ENTERED**
October 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No.: 4:21-cv-3967 |
| TURIMEX, LLC d/b/a GRUPO SENDA, | | |
| *Defendant*. | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff National Liability & Fire Insurance's Motion for Summary Judgment. ECF 10.[1] Defendant did not respond to the Motion and has failed to make an appearance in this lawsuit. Having considered the motion and the applicable law, the Court RECOMMENDS that the Motion be GRANTED.

### I.   Background

National Liability & Fire Insurance ("National") filed this insurance coverage action seeking a declaration that it has no duty to defend or indemnify its insured, Turimex, LLC d/b/a Grupo Senda ("Turimex"), or any other person or entity for claims arising from the allegedly negligent operation of a commercial bus in Mexico. ECF 1.

### A.   The Underlying Action

On March 24, 2021, Benita Salgado Roman ("Roman") filed a lawsuit against Turimex in the 164th Judicial District of Harris County, Texas, alleging that on or about March 24, 2019, she

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 12.

was injured when bus operated by Turimex and on which she was a passenger, crashed into a semi-trailer truck (the "Underlying Action"). ECF 1 at ¶ 7. Roman claims as a result of the accident, she suffered "severe and debilitating injuries" and seeks more than $250,000.00 in damages. ECF 1-2 at ¶¶ 12, 36. Roman alleges that she purchased her bus ticket in Houston, Texas for a direct trip to Mexico and was in route to Cuernavaca, Mexico when the accident occurred. ECF 1-2 at ¶ 12. The petition does not allege where the accident occurred and does not identify the specific bus involved in the accident.

### B. The Insurance Policy

National issued a business auto policy to Turimex with a coverage period from May 7, 2018 to May 7, 2019 (the "Policy"). ECF 10-1 at 40. National does not dispute that Turimex is an insured under the Policy. The Policy covers "damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" ECF 10-1 at 59, ¶ II.A. The Policy's coverage of "accidents" and "losses" is limited to "accidents" and "losses" occurring within the "coverage territory." *Id.* at 66, ¶ IV.B.7. The "coverage territory" is defined as:

> (1) The United States of America;
>
> (2) The territories and possessions of the United States of America;
>
> (3) Puerto Rico;
>
> (4) Canada; and
>
> (5) Anywhere in the world if:
>
>> (a) A covered "auto" of the private passenger type is leased, hired, rented, or borrowed without a driver for a period of 30 days or less; and
>>
>> (b) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, Puerto Rico or Canada or in a settlement we agree to.
>
> *Id*.

### C. This Lawsuit

National filed a Complaint in this Court on December 6, 2021, seeking a declaratory judgment that it does not owe a duty to defend or indemnify Turimex in the Underlying Action. ECF 1 at ¶ 15. National is currently defending Turimex in the Underlying Action but seeks a declaration that it does not owe a duty to defend or indemnify because the accident occurred in Mexico, outside of the Policy's coverage territory. *Id.* More specifically, its position is that although the amended petition in the Underlying Action is silent as to where the accident occurred, extrinsic evidence shows that the accident occurred in Mexico, outside of the "coverage territory," thus precluding coverage. ECF 10 at 7. National moves for summary judgment, seeking a declaration that it has no duty to defend or indemnify Turimex in the Underlying Action.[2] *Id.*

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court construes the

---

[2] National voluntarily dismissed its claims for declaratory judgment as against Roman on March 16, 2022. ECF 9.

evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).  However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

#### A. National Liability does not owe a duty to defend Turimex in the Underlying Action.

An insurer owes its insured a duty to defend if, in the underlying lawsuit, "[the] plaintiff's factual allegations potentially support a covered claim." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006)).  In deciding whether an insurer has a duty to defend, the Court follows the "eight-corners rule," which provides that the duty to defend is determined by reviewing the factual allegations of the complaint in the underlying lawsuit and the insurance policy. *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ,* 687 F.3d 676, 682-83 (5th Cir. 2012).  If the complaint in the underlying lawsuit alleges facts that would preclude coverage under the policy, there is no duty to defend. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)).  However, the duty to defend arises if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (citation omitted).

4

Based on the factual allegations in the amended petition filed in the Underlying Action (ECF 1-2), Roman potentially asserts a claim for coverage under the insurance policy. The policy covers "damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" ECF 10-1 at 59, ¶ II.A. There is no dispute that Turimex was insured by the Policy or that the Underlying Action seeks damages because of bodily injury caused by an accident involving a covered automobile. Nonetheless, National contends that it has no duty to defend Turimex in Underlying Action because the accident occurred outside of the "coverage territory." To support this contention, National offers evidence including an email transmitting a new claim notice; an email from Roman's counsel in the Underlying Action stating the accident occurred in Nuevo Leon, MX; Mexican news reports describing the accident; a letter from Roman's counsel in the Underlying Action; and an Automobile Loss Notice stating the accident occurred in Mexico. ECF 10-3. National argues that in light of the Texas Supreme Court's recent decision in *Monroe Guaranty Insurance Company v. BITCO General Insurance Corp.*, 640 S.W.3d 195 (Tex. 2022), the Court should go beyond the eight-corners rule and consider its extrinsic evidence.

In *Monroe*, the Texas Supreme Court explained that the eight-corners rule "remains the initial inquiry to be used to determine whether a duty to defend exists." *Id*. at 203. However:

> [I]f the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Id*. National contends that all requirements are met so that the Court can look beyond the eight-corners rule. The Court agrees. The underlying petition alleges facts that could potentially trigger coverage but is not determinative of whether coverage exists because it does not "contain the facts

5

necessary to resolve the question of whether the claim is covered." *Id*. at 202. Specifically, the underlying petition is silent as to whether the accident occurred in the "coverage territory." Therefore, the Court must determine whether the three *Monroe* requirements have been satisfied enabling consideration of extrinsic evidence for purposes of this Motion.

First, the extrinsic evidence must be limited to the issue of coverage and may not overlap with the merits of liability. *Id*. The underlying petition alleges three causes of negligence against Turimex. Ramon alleges that Turimex is liable for her injuries under a theory of *respondeat superior*, arguing that the negligent bus driver was acting within the course and scope of his employment for Turimex. ECF 1-2 at ¶ 19. Ramon also alleges that Turimex owed a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees. *Id*. In the alternative, Ramon alleges that Turimex is negligent for failing to use ordinary care to protect persons from dangerous activities. *Id*. at ¶ 22. The extrinsic evidence at issue concerns *where* the accident occurred and whether it occurred within or outside of the "coverage territory." The location of the accident goes solely to an issue of coverage and not to the merits of liability as it does not speak to whether Turimex was negligent in causing Ramon's injuries. Second, the extrinsic evidence may not contradict any facts alleged in the underlying petition. *Monroe*, 640 S.W.3d at 202-03. Because the underlying petition is silent as to where the accident occurred, the extrinsic evidence showing that the accident occurred in Mexico does not contradict any facts in the underlying petition. In fact, National's evidence is consistent with the allegations in the petition because it alleges the incident occurred "in route to Cuernavaca [Mexico.]" ECF 1-2 at ¶ 12. Finally, the extrinsic evidence must conclusively establish the coverage fact to be proved. *Monroe*, 640 S.W.3d at 202-03. The Court finds that the evidence submitted by National conclusively establishes that the accident occurred in Mexico, a fact which is pivotal to determining whether coverage exists.

Turning to the extrinsic evidence, National has put forth an Automobile Loss Notice. ECF 10-3 at 11-14. The Notice, made by Turimex to National under Policy Number 73APB002450 is dated December 23, 2019 and states that claimant Benita Salgado Roman alleges injuries for an accident that occurred on March 24, 2019. *Id*. at 11. The Notice states that the "Loss" occurred in Galenana, Nuevo Leon, Mexico. *Id*. In addition, National has submitted a letter addressed to the Claims Representative at Sompo International Global Risk Solutions, dated August 23, 2019 written by Corey S. Gomel of Gomel & Associated, P.C., (with a law firm email address of Office@713abogado.com) in which Mr. Gomel states that he represents Benita Salgado Roman, and identifies the date of loss as March 24, 2019, and Turimex, L.L.C. as the insured. ECF 10-3 at 7. National has also submitted an email from Rosie Guerrero, Case Manager at Gomel & Associates, P.C. (email address of Rosie@713abogado.com), dated August 23, 2019 purporting to attach a "letter of representation for an accident had [sic] occurred on March 24, 2019 in Nuevo Leon, MX with the Turimex bus." ECF 10-3 at 4. Finally, National has also attached two Mexican news articles, written in Spanish, stating that a bus accident that occurred on March 24, 2019 in Galeana, Nuevo León, Mexico. *Id*. at 5-6, 8-10. Due to translation issues and the potential that they contain information beyond the issue of coverage, the Court will not consider these articles.

The Court finds that the proffered extrinsic evidence (minus the two news articles), (1) goes solely to the issue of coverage, (2) does not contradict the facts of the petition, and (3) conclusively establishes that the accident occurred in Mexico. Therefore, under *Monroe*, the Court may look beyond the "eight corners," consider the proffered evidence, and find that no coverage exists under the Policy for the accident and Ramon's resulting injuries. *See* 640 S.W.3d at 202. Having failed to appear in this case, Turimex has not put forth any evidence to support coverage, nor disputed that the accident occurred in Mexico and outside of the Policy's coverage territory. As such, National Liability is entitled to summary judgment on its duty to defend claim.

### B. National does not owe Turimex a duty to indemnify in the Underlying Action.

Unlike a duty to defend, under Texas law, "it is well settled that the facts actually established in the underlying suit control the duty to indemnify." *D.R. Horton-Texas*, 300 S.W.3d 740, 744 (Tex. 2009) (quotations and citations omitted). Consequently, "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Ins.*, 647 F.3d at 253. However, "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify," an insurer is entitled to judgment as a matter of law that it has no duty to indemnify. *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

National argues that it has no duty to indemnify Turimex in the Underlying Action because the same issue that negates National's duty to defend—the fact that the accident occurred in Mexico—likewise negates any possibility that National will have a duty to indemnify Turimex. ECF 10 at 7. Indeed, no facts could be developed in the Underlying Action that would transform the accident into an accident occurring within the coverage territory. Because the same facts that negate the duty to defend also negate the duty to indemnify, National is entitled to summary judgment on its claim that it does not owe a duty to indemnify.

### IV. Conclusion

For the reasons stated above, the Court RECOMMENDS that National's Motion for Summary Judgment (ECF 10) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute

on other grounds.

Signed on October 20, 2022, at Houston, Texas.

                                                                Christina A. Bryan
                                                            United States Magistrate Judge